**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello**

Civil Action No. 23-cv-01019-CMA-TPO

KATHERINE TRUJILLO,

      Plaintiff,

v.

AMITY PLAZA, LLC,
HOUSING AUTHORITY OF THE CITY OF LITTLETON,
*d/b/a* South Metro Housing Options, and
FRANK MARTINEZ,

      Defendants.

---

**ORDER CONFIRMING GRANT OF SUMMARY JUDGMENT SUA SPONTE AS TO
PLAINTIFF KATHERINE TRUJILLO'S FAIR HOUSING ACT CLAIMS
AGAINST DEFENDANT FRANK MARTINEZ**

---

This matter is before the Court on Plaintiff Katherine Trujillo's ("Ms. Trujillo")

Motion to Amend Judgment (Doc. # 83) requesting that the Court amend its summary

judgment Order and final judgment (Docs. ## 81 & 82) to allow her Fair Housing Act

("FHA"), 42 U.S.C. §§ 3604(b) & 3617, claims against Defendant Frank Martinez ("Mr.

Martinez") to proceed to trial. Ms. Trujillo argues that (1) she was entitled to notice prior

to the Court's sua sponte award of summary judgment in favor of Mr. Martinez and (2)

Mr. Martinez can be held directly liable for discrimination under the FHA (Doc. # 87).

The Court acknowledges that it erred in not providing notice to Ms. Trujillo under

Federal Rule of Civil Procedure 56(f) prior to granting summary judgment sua sponte in

favor of Mr. Martinez. However, for the following reasons, the Court finds that this error

is harmless and declines to alter its previous judgment.

## I.       LEGAL STANDARD

The Court stated the legal standard for summary judgment in its prior Order. *See*

(Doc. # 81 at 5–6). Ultimately, the Court's inquiry on summary judgment is whether the

facts and evidence identified by the parties present "a sufficient disagreement to require

submission to a jury or whether it is so one-sided that one party must prevail as a matter

of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

Federal Rule of Civil Procedure 56(f) states

> **Judgment Independent of the Motion.** After giving notice
> and a reasonable time to respond, the court may:
>
> (1) grant summary judgment for a nonmovant;
>
> (2) grant the motion on grounds not raised by a party;
> or
>
> (3) consider summary judgment on its own after
> identifying for the parties material facts that may not
> be genuinely in dispute.

Though the practice is disfavored, a district court may grant a sua sponte award

of summary judgment if the losing party was on notice that she had to come forward

with all of her evidence. *See Johnson v. Weld Cty., Colo.*, 594 F.3d 1202, 1214 (10th

Cir. 2010). Further, if a losing party is not prejudiced by a lack of notice, the Tenth

Circuit will not reverse simply because the grant of summary judgment came sua

sponte. *See Kannady v. City of Kiowa*, 590 F.3d 1161, 1170 (10th Cir. 2010) (citing

*Ward v. Utah*, 398 F.3d 1239, 1245–46 (10th Cir. 2005)). "A party is procedurally

2

prejudiced if it is surprised by the district court's action and that surprise results in the

party's failure to present evidence in support of its position." *Id.* (citation omitted).

## II.     DISCUSSION

The Court erred under Rule 56(f) by failing to give Ms. Trujillo notice and a

reasonable time to respond before issuing an award granting summary judgment sua

sponte against Ms. Trujillo and in favor of Mr. Martinez regarding the FHA claims

against him. However, all of the facts Ms. Trujillo put forth to support her vicarious

liability claim against Defendants Amity Plaza, LLC's and Housing Authority of the City

of Littleton dba South Metro Housing Options' (collectively "Housing Defendants") are

the same facts Ms. Trujillo uses to support an individual claim for FHA violations against

Mr. Martinez. *See* (Doc. # 81 at 11–17). For the following reasons the Court finds that

Ms. Trujillo was not prejudiced by the Court's prior Order (Doc. # 81).

First, Mr. Martinez is not a "housing provider" as that term is used in the FHA,

*i.e.*, he is not a landlord, real estate company, homeowner, homeowners association,

municipality, or insurance company. *See* 42 U.S.C. § 3604. The record is devoid of

evidence that Mr. Martinez was a member or owner of either Amity Plaza or SMHO or

that he had any power over rental decisions. The undisputed evidence is that Frank

Martinez worked for SMHO as a maintenance employee who worked on the property

and property grounds. (Doc. # 64 at 3; Doc. # 68 at 2.)

Second, the Court conclusively found that Mr. Martinez's actions were not related

to any sort of housing discrimination as contemplated by the FHA whatsoever. *See* (*id.*).

Instead, the Court found that Mr. Martinez's actions were all taken on his own personal

3

accord, separate and apart from his role with SMHO as a maintenance employee. *See*

(*id.*). Given these findings in the Court's original order granting summary judgment, Ms.

Trujillo should not be surprised, and therefore not procedurally prejudiced, by this

Court's sua sponte finding of summary judgment. *See Kannady*, 590 F.3d at 1170.

In her motion, Ms. Trujillo merely argues that Mr. Martinez did not file a motion

for summary judgment of his own or join in the motion for summary judgment filed by

the Housing Defendants. *See* (Doc. # 83). Ms. Trujillo does not provide any additional

evidence beyond conclusory legal statements that Mr. Martinez can be found

individually liable under the FHA in both her initial motion and in her reply in support.

*See* (Docs. ## 83 & 87). In short, Ms. Trujillo asserts no additional facts to demonstrate

that the Court's grant of summary judgment in favor of Mr. Martinez was incorrect, as a

matter of law.

Specifically, in each case discussed by the Court (and relied on by Ms. Trujillo),

the harassers used their authority to gain access to the plaintiff to commit the

harassment or used their authority to establish a *quid pro quo* relationship with the

plaintiff. *See* (*Id.* at 16) (citing *Lacour v. A&M Prop. Inv., LLC*, No. CIV-23-370-J, 2024

WL 2988961 (W.D. Okla. May 28, 2024) (slip copy), *appeal dismissed*, No. 24-6115,

2024 WL 5074824 (10th Cir. Aug. 1, 2024); *Metro. Fair Housing Council of Okla. v.*

*Pelfrey*, 292 F. Supp. 3d 1250 (W.D. Okla. Nov. 13, 2017); *West v. DJ Mortg., LLC*, 271

F. Supp. 3d 1336 (N.D. Ga. 2017); *Boswell v. Gumbaytay*, No. 2:07-CV-135-WKW,

2009 WL 1515872 (M.D. Ala. June 1, 2009) (unreported)). There is no evidence in this

matter that establishes any *quid pro quo* relationship between Mr. Martinez and Ms.

Trujillo. *See* (Doc. # 81 at 16).

The undisputed facts as cited in the Court's prior Order related to Mr. Martinez's

role and actions (*see* Doc. # 81 at 15–16), cut directly against the applicability in this

case of Ms. Trujillo's argument that "[c]ourts have found that individuals may be held

liable for discriminatory conduct under the FHA, so long as the individual participated in,

authorized, or ratified the commission of a fair-housing violation." *See* (Doc. # 83 at 2)

(citing *Fielder v. Sterling Park Homeowners Ass'n*, 914 F. Supp. 2d 1222, 1227 (W.D.

Wash. 2012)). In *Fielder*, the Court held that individual "*directors* who participate in,

authorize, or ratify the commission of a . . . fair housing tort may be held individually

liable." 914 F. Supp. 2d at 1227 (emphasis added). Thus, *Fielder* supports the Court's

finding that Mr. Martinez is not a direct provider of housing and does not support a

finding of individual liability under the FHA, as Ms. Trujillo contends.[1]

---

[1] The additional cases first raised by Ms. Trujillo in her reply are equally inapposite. *See* (Doc. #
87 at 2–3) (citing *Honce v. Vigil*, 1 F.3d 1085 (10th Cir. 1993) (affirmed holding that tenant failed
to establish gender discrimination on theory of disparate treatment, sexual harassment, or
hostile housing environment against *landlord*); *Creamer v. Laidlaw Transit, Inc.*, 86 F.3d 167
(10th Cir. 1996) (affirmed holding that single incident of sexual harassment by coworker did not
amount to pervasive or severe sexual harassment in violation of the Civil Rights Act of 1964; no
FHA claims were even asserted by plaintiff); *Cruz v. Coach Stores, Inc.*, 202 F.3d 560 (2d Cir.
2000) (considering claims by former employee for hostile work environment in violation of Title
VII and the Civil Rights Act of 1964; no FHA claims were even asserted by Plaintiff); *Holley v.
Crank*, 258 F.3d 1127 (9th Cir. 2001), *vacated by Meyer v. Holley*, 537 U.S. 280 (2003)
(considering the vicarious liability under the FHA of individual *officers or owners* of
corporations); *Hamilton v. Svatik*, 779 F.2d 383 (7th Cir. 1985) (considering the liability of an
*apartment building manager and owner* to rent an apartment to plaintiff); *Open Hous. Ctr., Inc.
v. Kessler Realty, Inc.*, No. 96-CV-6234 (ILG), 2001 WL 1776163 (E.D.N.Y. Dec. 21, 2001)
(finding the *president/sole shareholder and rental manager* of Defendant Kessler Realty, Inc.
individually liable for discrimination under the FHA); *United States v. Sea Winds of Marco, Inc.*,
893 F. Supp. 1051 (M.D. Fla. 1995) (considering discrimination under the FHA by *homeowners
and renters* who leased and subleased units to vacationers)).

The Court therefore properly found that Mr. Martinez did not participate in any discriminatory housing practices whatsoever, whether as an agent of the Housing Defendants or in his individual capacity. Thus, a sua sponte award of summary judgment as to Ms. Trujillo's FHA claims against Mr. Martinez was appropriate.

### III.    CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff Katherine Trujillo's Motion to Amend Judgment (Doc. # 83) and hereby confirms its sua sponte award of summary judgment in favor of Defendant Frank Martinez and against Plaintiff Katherine Trujillo as to Ms. Trujillo's individual Fair Housing Act, 42 U.S.C. §§ 3604(b) & 3617, claims.

The Court's prior ORDER entering summary judgment in favor of Defendants Amity Plaza, LLC's and Housing Authority of the City of Littleton dba South Metro Housing Options and against Plaintiff Katherine Trujillo remains in force.

Additionally, the Court's prior ORDER that Plaintiff Katherine Trujillo's remaining state law sexual assault claim against Defendant Frank Martinez is dismissed without prejudice also remains in force.

DATED:  May 2, 2025

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge

6